GRIFFIS, J.,
specially concurring:
¶ 20. I concur with the result reached by the majority. I write this specially concurring opinion to explain why the outcome I reach in this case is different than that of my dissenting opinions in Romans v. Fulgham, 939 So.2d 849, 854-61 (¶ 21-57) (Miss.Ct.App.2006) (Griffis, J., dissenting) and Williams v. Stockstill, 990 So.2d 774, 778-83 (¶ 22-49) (Miss.Ct.App.2008) (Griffis, J., dissenting).
¶ 21. In both Romans and Williams, I discussed the difficult question that is unique to the relationship between the unmarried parents of children born out of wedlock. Specifically, the concern that “difficulty arises due to the involvement of DHS'in the determination of paternity and our consideration of the future legal relationship between the parents, the child and the state.” Romans, 939 So.2d at 855 (¶ 25) (Griffis, J., dissenting). In both *1260 cases, I determined that the chancellor applied an erroneous legal standard when he treated the case as an initial custody determination rather than as a modification of child custody.
¶ 22. This case is different. Here, Lori Brown, the mother of the children born out of wedlock, filed a “Complaint for Custody.” She asked the chancellor to grant her “joint legal custody and primary physical custody over the parties’ minor children” and to determine visitation rights. Christopher Crum answered the complaint and filed a “Counter-Complaint for Custody.”
¶ 23. The presentation of the witness testimony ended as follows:
By the Court: Redirect?
Lori’s Attorney: I have none, Your Hon- or. We rest, and in reliance upon Williams v. Stockstill and the Al-bright cases, we would submit it to the court.
By the Court: Okay. Any rebuttal?
Christopher’s Attorney: No, sir.
By the Court: No rebuttal. Mr. Boer-ner [Lori’s Attorney], you submit?
Lori’s Attorney: Yes, Your Honor, just in reliance upon Williams v. Stocks-till, which I am sure you are familiar with.
By the Court: Do you submit it to the court, or do you want to argue it?
Lori’s Attorney: No, sir.
¶ 24. I can find nothing in the pleadings or the record which would indicate that this case was presented to the chancellor as a modification of child custody. Indeed, it appears that Lori brought this action for the purpose of the court making the initial determination of custody. I find nothing in the record that would indicate that the chancellor erred by making an initial custody determination as opposed to a modification of custody.
¶ 25. Lori’s brief of the appellant begins by citing my dissent in Romans. Indeed, she argues “[t]he custody proceeding at hand should have been deemed a proceeding for modification of custody thereby instituting the standard of the ‘material changes in circumstances test.’ ” She then concludes that “custody in this matter had previously been determined and therefore the chancellor used an incorrect legal standard in applying the initial determination of custody standard as presented in Al-bright.”
¶ 26. In Williams, over my dissent, the Court determined that the chancellor was correct to apply the legal standard of an initial custody determination as opposed to a custody modification. Williams, 990 So.2d at 776 (¶ 10). It appears here, after reading the record and the transcript, that the chancellor applied the legal standard requested by Lori. Therefore,' she may not now complain on appeal. Had this been a modification action and had Lori preserved this issue for appeal, I would have found that the chancellor erred in making an initial custody determination. However, such is not the case here.